Filed 8/24/16  P. v. Reed CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CURTIS LEE REED,<br><br>    Defendant and Appellant. | F069779<br><br>(Merced Super. Ct.<br>Nos. CRM024331, CRM025178 &<br>CRM032418)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from judgments of the Superior Court of Merced County.  Ronald W. Hansen, Judge.

Peter J. Boldin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Kane, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant/defendant Curtis Lee Reed entered pleas in a series of cases and was placed on probation. He repeatedly violated probation by committing new offenses. The court subsequently revoked probation and sentenced him to state prison. On appeal, his appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

### Case No. CRM024331

At approximately 8:35 p.m. on September 3, 2012, Merced Police Officer McComb responded to a dispatch that an unknown man was in the reporting party's apartment at an apartment complex on Park Avenue. The reporting party further stated that the man possessed methamphetamine and there might be a warrant for him.

When Officer McComb and other officers arrived, the reporting party let them into the apartment. The officers found defendant cooking in the kitchen. Defendant falsely identified himself as "Charles Ogaltree." Upon further questioning, defendant gave his true name and said he was on parole. Defendant was searched and had 0.29 grams of methamphetamine in his pocket.

*Procedural history*

On October 19, 2012, defendant pleaded no contest in case No. CRM024331 to felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and admitted one prior prison term enhancement (Pen. Code, § 667.5, subd. (b)). The court placed him on probation for 36 months, and ordered him to serve 92 days in jail.

---

[1] Given defendant's pleas and admissions, the facts of the underlying offenses are from the police reports, which are part of the instant appellate record.

**Case No. CRM025178**

Around 10:26 p.m. on October 29, 2012, Merced Police Officers Rasmussen and Sapien responded to a dispatch about a suspicious person looking into vehicles on Meadows Avenue. The officers arrived in the area and detained defendant because he matched the suspect's description. Defendant identified himself, and the officers determined he was on parole. They searched him and found a package of gum in his pocket which contained credit, debit, and gift cards. One debit card, in another person's name, had been reported stolen in a car burglary earlier that year.

The officers asked defendant where he found the stolen debit card. Defendant said he just found it, and it had probably expired.

### *Procedural history*

On November 16, 2012, defendant pleaded no contest in case No. CRM025178 to felony receiving stolen property (Pen. Code, § 496, subd. (a)). The court sentenced him to the upper term of three years, suspended imposition of sentence, and placed him on probation for 36 months subject to various terms and conditions, including serving one year in county jail.

On the same day, defendant's attorney waived the filing of a formal affidavit of a probation violation in case No. CRM024331. The court took judicial notice of the felony plea defendant entered in case No. CRM025178, and found he violated probation by failing to obey all laws. The court revoked and reinstated probation subject to the previous terms and conditions.

## Probation Violations

On or about April 5, 2013, an affidavit was filed which alleged defendant violated probation in case Nos. CRM024331 and CRM025178, by failing to obey all laws, based on his possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)(1)) on April 1, 2013. On April 17, 2013, defendant admitted the violation. The court

3.

reinstated probation in both cases subject to the same terms and conditions, and ordered him to serve 20 days in jail in each case.

On or about May 1, 2013, an affidavit was filed which alleged defendant violated probation in case Nos. CRM024331 and CRM025178, by failing to report to his probation officer within one business day after being released from custody on April 29, 2013. On July 18, 2013, defendant admitted the violation in both cases. The court again reinstated him on probation and ordered him to serve 30 days in jail for each case.

On or about August 1, 2013, an affidavit was filed which alleged defendant violated probation in case Nos. CRM024331 and CRM025178, by failing to report to his probation officer within one business day after his release from custody. On August 8, 2013, defendant admitted the violation. The court again reinstated probation and ordered him to serve 30 days in jail in each case.

On September 18, 2013, another petition was filed which alleged defendant violated probation in case Nos. CRM024331 and CRM025178, for failing to report to his probation officer as directed, on four different occasions in August and September 2013. On October 3, 2013, defendant admitted the violation. The court again reinstated probation and ordered him to serve 45 days in jail for each case.

On or about October 30, 2013, an affidavit was filed in both cases which alleged defendant violated probation by failing to report to his probation officer on three occasions in October 2013.

**Case No. CRM032418**

On the night of March 19, 2014, officers from the Merced Police Department contacted defendant and another individual in the alley of W. 18th Street. The officers determined defendant had four outstanding felony warrants and one misdemeanor warrant, and arrested him. The officers searched defendant, and found 0.41 grams of methamphetamine, two hypodermic needles, and a glass pipe. They also found a knife that had a five and one-quarter inch blade.

4.

*Procedural history*

On March 24, 2014, defendant was arraigned on a felony complaint in case No. CRM032418, for unlawfully carrying a concealed dirk or dagger (Pen. Code, § 21310); possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); and misdemeanor possession of narcotics paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)(1)); with one prior strike conviction; an onbail enhancement (Pen. Code, § 12022.1); and two prior prison term enhancements.

On the same day, defendant was arraigned on the October 30, 2013, affidavit for violating probation.

On April 11, 2014, defendant was arraigned on a first amended affidavit for violating probation in case Nos. CRM024331 and CRM025178, by failing to report to his probation officers on three occasions in October 2013, and failing to obey all laws based on the offenses committed on March 19, 2014.

On May 5, 2014, defendant pleaded no contest in case No. CRM032418, to felony possession of a dirk or dagger, and admitted two prior prison term enhancements. The court granted his motion to dismiss the prior strike conviction.

The court granted defendant's motion for a pass to be released from jail at 10:00 a.m. and return at 4:00 p.m. on May 7, 2014, to address personal matters prior to being sentenced to state prison.

The court set the sentencing hearing for all outstanding cases on May 12, 2014. The court stated that in case No. CRM032418, defendant would be sentenced to the lower term of 16 months plus one year for the enhancement if he appeared for the sentencing hearing. If he failed to appear, he would be sentenced to the upper term of three years plus two years for the enhancements.

## Failure to Appear

On May 12, 2014, defendant failed to appear for the sentencing hearing, and the court issued a bench warrant for his arrest.

5.

On May 14, 2014, defendant was arraigned on the return for the bench warrant.

**State Prison Sentences**

On May 21, 2014, the court conducted the sentencing hearings for the three pending cases.

In case No. CRM032418, the court sentenced defendant to the upper term of three years for possession of a dirk or dagger, plus two years for the two prior prison term enhancements, for an aggregate term of five years.

In case No. CRM025178, the court found defendant violated probation based on his conviction in case No. CRM032418. The court ordered the execution of the previously suspended sentence of three years for receiving stolen property, to run concurrent with the term imposed in case No. CRM032418.

In case No. CRM024331, the court found defendant violated probation based on his conviction in case No. CRM032418. The court revoked probation and sentenced him to the upper term of three years for possession of a controlled substance, plus one year for the prior prison term enhancement, with the sentence to run concurrent to the term imposed in case No. CRM032418.

On June 4, 2014, the court corrected defendant's custody credits.

**Notices of Appeal**

On April 11, July 18, and August 4, 2014, defendant filed timely notices of appeal in all three cases. He did not request or receive certificates of probable cause.

**DISCUSSION**

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on August 10, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgments are affirmed.